**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| COMMONWEALTH LAND TITLE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>M.S.I. HOLDINGS, LLC and DAVID TAPALIAN,<br><br>Defendant. | : | Case No.: 08-217 ML |

**REPLY TO AMENDED VERIFIED**
**COUNTERCLAIMS OF M.S.I. HOLDINGS, LLC**

Plaintiff Commonwealth Land Title Insurance Company ("Commonwealth") as and for its Reply to the Amended Verified Counterclaims of M.S.I. Holdings, LLC's ("MSI") responds as follows:

**Response As To "Parties"**

1. Commonwealth admits the allegations set forth in paragraph 1.

2. Commonwealth admits the allegations set forth in paragraph 2.

3. Commonwealth admits the allegations set forth in paragraph 3.

4. In response to paragraph 4, Commonwealth admits that it maintains its principal place of business in Virginia and states that the remaining allegations set forth in the paragraph are allegations of law as to which no responsive pleading is required.

**Response As To "Jurisdiction and Venue"**

5. In response to paragraph 5, Commonwealth admits that this Court has subject matter jurisdiction over this matter.

6. In response to paragraph 6, Commonwealth admits that this Court has subject matter jurisdiction over this matter and denies that the federal Declaratory Judgment Act confers or in any way impacts such jurisdiction.

7. In response to paragraph 7, Commonwealth admits that this district is a proper venue for this matter.

**Response As To "Factual Background"**

8. Commonwealth admits the allegations set forth in paragraph 8.

9. Commonwealth denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 and, on that basis, denies the allegations.

10. Commonwealth denies knowledge and information sufficient to for a belief as to the truth of the allegations set forth in paragraph 10 and, on that basis, denies the allegations.

11. Commonwealth admits the allegations set forth in paragraph 11.

12. Commonwealth admits the allegations set forth in paragraph 12, but denies that Albert Antonio initiated the communication in question.

13. In response to paragraph 13, Commonwealth admits that Tapalian showed Antonio the second floor of the building and denies the remaining allegations set forth in the paragraph.

14. In response to paragraph 14, Commonwealth admits that at the time of Antonio's first visit, it was obvious that the second floor would need extensive renovation and denies the remaining allegations set forth in the paragraph.

15. In response to paragraph 15, Commonwealth admits that Tapalian represented to Commonwealth that he would be moving his law practice into the building.

16. Commonwealth admits the allegations set forth in paragraph 16.

17. Commonwealth admits the allegations set forth in paragraph 17.

18. In response to paragraph 18, Commonwealth admits that Commonwealth and Tapalian communicated and exchanged various documents, including drawings and draft lease agreements on various dates after August 10, 2006.

19. Commonwealth admits the allegations set forth in paragraph 19.

20. In response to paragraph 20, Commonwealth admits that MSI has attached to its counterclaims a document that purports to be a copy of the Lease and denies the remaining allegations in the paragraph.

21. In response to paragraph 21, Commonwealth admits that MSI has attached to its counterclaims several documents that purport to be exhibits to the Lease and denies the remaining allegations in the paragraph.

22. In response to paragraph 22, Commonwealth admits that it approved a floor plan and design for the leased premises and denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in the paragraph.

23. Commonwealth admits the allegations set forth in paragraph 23.

24. In response to paragraph 24, Commonwealth admits that it moved into the leased premises and its first rent payment was due in February 2007 and denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in the paragraph.

25. Commonwealth admits the allegations set forth in paragraph 25.

26. In response to paragraph 26, Commonwealth admits Carter Tatum communicated with MSI on or about July 19, 2007 in which she pointed out some of Commonwealth's concerns with the premises and admits that MSI purports to quote from that letter and denies the remaining allegations set forth in the paragraph.

27. Commonwealth denies the allegations set forth in paragraph 27.

28. In response to paragraph 28, Commonwealth admits that there was a leak in the HVAC system in or about June 2007, that it caused significant water damages to the premises and to Commonwealth's property, that the HVAC never worked properly and required maintenance and denies the remaining allegations set forth in the paragraph.

29. In response to paragraph 29, Commonwealth admits that MSI has attempted to quote a section of the Lease, but has not done so accurately, and denies the remaining allegations set forth in the paragraph.

30. Commonwealth denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30.

31. Commonwealth denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31.

32. In response to paragraph 32, Commonwealth admits that lead and lead dust penetrated the leased premises and denies the remaining allegations set forth in the paragraph.

33. Commonwealth denies the allegations set forth in paragraph 33.

34. Commonwealth admits the allegations set forth in paragraph 34.

35. Commonwealth denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35.

36. Commonwealth denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36.

37. Commonwealth denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37.

38. In response to paragraph 38, Commonwealth admits that some of its employees moved back to the leased premises after the incident in which the leased premises was contaminated with lead and lead dust and denies the remaining allegations set forth in the premises.

39. Commonwealth denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39.

40. In response to paragraph 40, Commonwealth admits that market conditions have forced it to reduce its workforce but denies that any such reductions were made with respect to its Rhode Island workforce.

41. Commonwealth admits the allegations set forth in paragraph 41.

42. Commonwealth admits the allegations set forth in paragraph 42.

43. Commonwealth admits the allegations set forth in paragraph 43.

44. Commonwealth admits the allegations set forth in paragraph 44.

45. Commonwealth admits the allegations set forth in paragraph 45.

46. Commonwealth admits the allegations set forth in paragraph 46.

47. In response to paragraph 47, Commonwealth admits that MSI has attached a letter dated June 2, 2008 to its Amended Verified Counterclaims and purports to quote from the latter and denies the remaining allegations set forth in the paragraph.

48. In response to paragraph 48, Commonwealth admits that it has vacated the leased premises and stopped paying rent and denies that it has any further obligations to perform under the fraudulently induced lease.

49. In response to paragraph 49, Commonwealth repeats and restates each of its responses to paragraphs 1 through 48.

**Response As To "COUNT I (Breach of Lease Contract)"**

50. Commonwealth denies the allegations set forth in paragraph 50.

51. Commonwealth denies the allegations set forth in paragraph 51.

52. Commonwealth denies the allegations set forth in paragraph 52.

53. Commonwealth denies the allegations set forth in paragraph 53.

54. Commonwealth denies the allegations set forth in paragraph 54.

55. Commonwealth denies the allegations set forth in paragraph 55.

**Response As To "COUNT II (Book Account Damages)"**

56. Commonwealth denies the allegations set forth in paragraph 56.

57. Commonwealth denies the allegations set forth in paragraph 57.

**Response As To "COUNT III (Quantum Meruit)"**

58. Commonwealth denies the allegations set forth in paragraph 58.

59. Commonwealth denies the allegations set forth in paragraph 59.

60. Commonwealth denies the allegations set forth in paragraph 60.

**T so far nResponse As To "COUNT IV**
**(Breach of Implied Covenant of Good Faith and Fair Dealing)"**

61. Commonwealth admits the allegations set forth in paragraph 61.

62. Commonwealth denies the allegations set forth in paragraph 62.

63. Commonwealth denies the allegations set forth in paragraph 63.

**Response As To "COUNT V (Abuse of Process)"**

64. Commonwealth denies the allegations set forth in paragraph 64.

65. Commonwealth denies the allegations set forth in paragraph 65.

**Response As To "COUNT VI (Declaratory Relief)"**

66. Commonwealth admits the allegations set forth in paragraph 66.

67. Paragraph 67 contains no allegations of fact or law as to which any responsive pleading is required.

**Response As To "COUNT VII (Attorney Fees)"**

68. Commonwealth denies the allegations set forth in paragraph 68.

**FIRST AFFIRMATIVE DEFENSE**

MSI has failed to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

MSI's claims are barred by the equitable doctrines of estoppel, laches, waiver and unclean hands..

**THIRD AFFIRMATIVE DEFENSE**

MSI may not recover any of its claimed damages because MSI and David Tapalian fraudulently induced Commonwealth to enter into the Lease.

**FOURTH AFFIRMATIVE DEFENSE**

The lease is unenforceable for failure of consideration.

## REQUEST FOR RELIEF

WHEREFORE, Commonwealth requests that the Court enter judgment against MSI:

A. dismissing its counterclaims in their entirety;

B. awarding Commonwealth its costs and attorneys' fees; and

E. providing such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: June 30, 2008
Providence, Rhode Island

COMMONWEALTH LAND TITLE INSURANCE COMPANY,
By its Attorneys,

/s/ Geoffrey W. Millsom

Stanley J. Kanter (#0440)
Geoffrey W. Millsom (#6483)
James A. Hall (#6167)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-2443
Tel: (401) 274-7200
Fax: (401) 351-4607/751-0604
gmillsom@apslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing Reply To Amended Verified Counterclaims Of M.S.I. Holdings, LLC through the ECF system on the 30th day of June, 2008, and that notice will be sent electronically to all counsel who are registered participants identified on the Mailing Information for Case No.: 08-217 ML

/s/ Geoffrey W. Millsom

*454697_1.doc*