UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| COMMONWEALTH LAND TITLE INSURANCE COMPANY | : | |
| v. | : | C.A. No. 08-217ML |
| M.S.I. HOLDINGS, LLC and DAVID TAPALIAN | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter is presently before the Court on the Motion to Dismiss (Document No. 6) filed by Defendant David Tapalian ("Tapalian"). Tapalian seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6) on the ground that Plaintiff Commonwealth Land Title Insurance Company's ("Commonwealth") Complaint fails to present a cognizable claim against him under Rhode Island law because he "cannot be personally responsible as a member of a limited liability company." (Document No. 6-2 at p. 7). Commonwealth filed a timely Objection to Tapalian's Motion to Dismiss. (Document No. 8).

Tapalian's Motion to Dismiss has been referred to me for preliminary review, findings and recommended disposition. See 28 U.S.C. § 636(b)(1)(B); LR Cv 72. A hearing was held on August 14, 2008. After listening to the arguments, reviewing the Motion, the Objection and the relevant legal authority, this Court recommends that Tapalian's Motion to Dismiss (Document No. 6) be DENIED.

**Background**

This case arises out of a 2006 lease for office space between Commonwealth and Defendant M.S.I. Holdings, LLC, a Rhode Island limited liability company ("MSI"). MSI, the landlord, leased the

second floor of a building located at 100 North Main Street in Providence (the "Premises") to Commonwealth, the tenant. Tapalian is alleged to be a member of MSI. Compl., ¶ 3.

Commonwealth alleges that it approached MSI in February 2006 "through its principal member," Tapalian, about the possibility of leasing the Premises. Commonwealth alleges that "extensive discussions and negotiations" followed and that Tapalian "personally and on behalf of MSI made numerous representations and promises regarding the Premises and his plans for the Premises." Compl., ¶¶ 7-8. Commonwealth asserts that these representations included:

a. MSI and/or Tapalian would renovate the Premises and make it "Class A" office space;

b. any renovations to the exterior of the building or other portions of the building that MSI intended to perform would be finished prior to Commonwealth's occupancy;

c. MSI and/or Tapalian were willing to expend sufficient capital to make the necessary renovations in order to convert the Premises into Class A office space;

d. MSI and/or Tapalian had access to sufficient historic tax credits to ensure that the appropriate renovations would be made in order to convert the Premises into Class A office space;

e. Tapalian was moving his own law office into the same building and would take residence in the building before Commonwealth;

f. that the building would be fully occupied with tenants on every floor; and

g. that MSI and/or Tapalian would ensure Commonwealth's needs and concerns as a tenant were timely and appropriately addressed.

Compl., ¶ 8. Commonwealth claims that these representations were false when made and that it reasonably relied upon them when it entered into the Lease with MSI. Id., ¶¶ 9, 26, 44 and 49.

Commonwealth began occupancy under the Lease in January 2007 and alleges it "immediately began experiencing significant problems with the Premises." Id., ¶ 11. Commonwealth asserts that it

was ultimately "forced to vacate and abandon the Premises" on May 31, 2008. Id., ¶ 22. Commonwealth then commenced this action asserting a total of seven claims against MSI and Tapalian. Counts Two, Three, Four and Seven are brought solely against MSI and relate to the performance of the Lease. Counts One, Five and Six are brought against both MSI and Tapalian and allege fraudulent inducement, intentional misrepresentation and negligent misrepresentation, respectively. These claims arise out of the "discussions and negotiations leading up to the execution of the lease." Id., ¶ 24, 42 and 47.

**Summary of Arguments**

Tapalian moves to dismiss all claims made against him (i.e., Counts One, Five and Six). Tapalian first argues that he is not a proper party to this case "because he was acting as a member of [MSI]." (Document No. 6-2 at p. 9). Alternatively, Tapalian argues that the Lease's Merger clause precludes any claim based on purported misrepresentations made during the negotiation of the Lease. Commonwealth counters that Tapalian's status as a member of MSI does not insulate him from liability for his own tortious acts. Commonwealth also argues that a general merger clause such as is contained in the Lease does not, under Rhode Island law, preclude an action for fraud or misrepresentation.

**Standard of Review**

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, see Greater Providence MRI Ltd. P'ship v. Med. Imaging Network of S. New England, Inc., 32 F. Supp. 2d 491, 493 (D.R.I. 1998); Paradis v. Aetna Cas. & Sur. Co., 796 F. Supp. 59, 61 (D.R.I. 1992), taking all well-pleaded allegations as true and giving the plaintiff the benefit of all reasonable inferences, see Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 18 (1st Cir. 2002); Carreiro v. Rhodes Gill and Co., 68 F.3d 1443, 1446 (1st Cir. 1995); Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir. 1994). If under any theory the allegations are sufficient to state a cause of action in accordance with the law, the motion to dismiss must be denied. See Hart v.

Mazur, 903 F. Supp. 277, 279 (D.R.I. 1995). The Court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996); accord Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Arruda, 310 F.3d at 18 ("[W]e will affirm a Rule 12(b)(6) dismissal only if 'the factual averments do not justify recovery on some theory adumbrated in the complaint.'").

**Discussion**

**A. The Rhode Island Limited Liability Company Act**

Tapalian cites R.I. Gen. Laws § 7-16-70 in support of his argument that he is not a proper party to this case. Section 7-16-70, R.I. Gen. Laws, provides in relevant part that "[a] member of a limited liability company is not a proper party to proceedings by or against a limited liability company...."

Tapalian misconstrues Commonwealth's claims against him. Tapalian asserts that "[u]nder Rhode Island law no individual liability may be imposed upon [him] with regard to Commonwealth's claims pertaining to the lease of the premises, because, simply put, he was not a party to the lease." Document No. 6-2 at p. 7. However, Commonwealth's claims regarding performance under the Lease have been brought solely against MSI and not against Tapalian. As noted above, the claims against Tapalian relate solely to allegedly false representations made by Tapalian prior to the consummation of the Lease between Commonwealth and MSI. Commonwealth alleges that these representations were made by Tapalian "personally and on behalf of MSI." Compl., ¶ 8. These alleged misrepresentations go beyond the office space covered by the Lease. For instance, Commonwealth alleges that Tapalian falsely represented that he was moving his own law office into the building and would do so prior to Commonwealth's occupancy, that the exterior of the building would be renovated prior to Commonwealth's occupancy and that the building would be fully occupied with tenants on every floor. Id.

Tapalian further argues that "[s]tatutory schemes in other states [e.g., Massachusetts, Wisconsin, Virginia and Delaware] have likewise provided that members or managers of limited liability companies are not personally liable and that they should not be parties to actions, but qualify this (unlike Rhode Island)[1] through the common use of the modifier, solely by reason of being a member or acting as a manager or being a member of the company." Document No. 6-2 at p. 8. Tapalian, however, had no need to stray beyond Rhode Island law to make this argument. Section 7-16-23, R.I. Gen. Laws, provides that "[a] member or manager of a limited liability company is not liable for the obligations of the limited liability company solely by reason of being a member or manager." (emphasis added). Even if Tapalian had found and cited this statute, it is inapposite. Commonwealth is not seeking to hold Tapalian liable solely because of his membership in MSI or for any obligations of MSI.[2] Commonwealth is suing Tapalian for his own allegedly fraudulent representations.

Although Rhode Island law is sparse on the issue, Tapalian has provided no persuasive legal authority for the proposition that Commonwealth fails to state a fraud claim against him personally simply because he was a member of MSI at the time. Under Rhode Island's Limited Liability Company Act, a "member" is defined as one having an ownership interest in an LLC. R.I. Gen. Laws § 7-16-2(16). While status as a member does not of itself create liability for the LLC's obligations, R.I. Gen. Laws § 7-16-23, or subject a member to suit on claims made against the LLC, R.I. Gen. Laws § 7-16-70, it does not absolve a member from his or her own tort liability. See Rothstein v. Equity Ventures, LLC, 299 A.D.2d 472, 474, 750 N.Y.S.2d 625 (N.Y. App. Div. 2002) ("members of limited liability companies,

---

[1] Rhode Island actually has a similar provision in its Limited Liability Company Act. See R.I. Gen. Laws § 7-16-23.

[2] Tapalian cites only one case dealing with the liability of an LLC member. ColtTech, LLC v. JLL Partners, Inc., 538 F. Supp. 2d 1355 (D. Kan. 2008). ColtTech simply reiterates the well-established rule that "LLC members are not personally liable for the debts of the LLC solely because of their membership." Id. at 1358. Since Commonwealth is not seeking to hold Tapalian liable for a debt of the LLC, this case is not supportive of Tapalian's Motion.

such as corporate officers, may be held personally liable if they participate in the commission of a tort in furtherance of company business"). Commonwealth alleges that Tapalian "personally and on behalf of MSI" made false representations which it relied upon in entering into the lease with MSI. At this stage, Commonwealth has adequately plead claims for fraudulent inducement, and intentional and negligent misrepresentation, against Tapalian. Applying the standards applicable under Fed. R. Civ. P. 12(b)(6), the Court finds that Tapalian has not met his burden of establishing that Commonwealth fails to state any claim against him upon which relief could be granted.

**B. The Merger Clause**

Alternatively, Tapalian argues that Commonwealth's claims of fraudulent inducement and misrepresentation are precluded by the Lease's Merger clause.[3] Section 23 of the Lease between Commonwealth and MSI provides, in relevant part, that Commonwealth "acknowledges and agrees that it has not relied upon any statement, representation, agreements or warranties except such as are expressed herein."

Tapalian has not properly supported this argument. He devotes only three sentences of his brief to this argument and does not cite to any supporting legal authority. Further, Rhode Island law plainly provides that a general, nonspecific merger clause does not, as a matter of law, preclude a claim of fraud in procurement of a contract. See Travers v. Spidell, 682 A.2d 471, 473 (R.I. 1996) (citing Bloomberg v. Pugh Bros. Co., 121 A. 430, 431 (R.I. 1923)) and Isenberg v. Jamestown Bay View Condo., No. NC 890073, 1991 WL 789824 (R.I. Super. June 7, 1991) (claim of fraud and misrepresentation not precluded by a "general, nonspecific" merger clause). Only a specific merger clause which addresses the particular matter(s) claimed to be misrepresented vitiates a fraud claim. See LaFazia v. Howe, 575 A.2d 182 (R.I.

[3] Such clauses, also referred to as "integration" or "entire-agreement" clauses, simply provide that a contract represents the parties' complete and final agreement and supersedes all prior discussions or oral agreements relating to the subject matter of the contract.

1990) (a merger clause specifically disclaiming any representations by seller regarding the profitability of a business precluded buyer's fraud claim based on same subject). See also Kelly v. Tillotson-Pearson, 840 F. Supp. 935, 942 (D.R.I. 1994) (fraud claim precluded by specific disclaimer language in merger clause). Since the Lease in question contains a "general, nonspecific" merger clause, Tapalian's argument that the clause precludes all claims of fraud and misrepresentation is not supported by Rhode Island law.

**Conclusion**

For the reasons discussed above, I recommend that Tapalian's Motion to Dismiss (Document No. 6) be DENIED. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
August 19, 2008