UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

Commonwealth Land Title
Insurance Company,
     Plaintiff

     v.                           Case No. 08-cv-217-SJM-LDA

MSI Holdings, LLC, and
David Tapalian,
     Defendants

**O R D E R**

This suit arises from a failed commercial lease. Commonwealth Land Title Insurance Company sues MSI Holdings, LLC ("MSI"), a Rhode Island limited liability company, and David Tapalian, claiming, essentially, that it was constructively evicted from leased business space. MSI counterclaims for, among other things, breach of contract, and Tapalian counterclaims for abuse of process. Commonwealth moves for partial summary judgment on three of its claims; Tapalian moves for summary judgment on three others and on his counterclaim. Each party says the other's motion must be denied because genuine issues of material fact exist, precluding judgment as a matter of law.

**Legal Standards**

When ruling on a motion for summary judgment, the court must "view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in

that party's favor." Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990). Summary judgment is appropriate when the record reveals "no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In this context, "a fact is 'material' if it potentially affects the outcome of the suit and a dispute over it is 'genuine' if the parties' positions on the issue are supported by conflicting evidence." Int'l Ass'n of Machinists and Aerospace Workers v. Winship Green Nursing Ctr., 103 F.3d 196, 199-200 (1st Cir. 1996) (citations omitted).

**Background**

In February of 2006, Commonwealth approached Tapalian, a member of MSI, about the possibility of leasing the second floor of a building located at 100 North Main Street in Providence (the "Premises"). Negotiations followed. According to Commonwealth, Tapalian made numerous representations and promises regarding the space and his plans for it, which, Commonwealth says, Tapalian knew were false when he made them.

An agreement was eventually reached, and Commonwealth occupied the leased space in January of 2007. Claiming that it experienced numerous and substantial problems with the Premises from the outset, Commonwealth vacated on May 31, 2008, and brought this suit.

Commonwealth asserts claims against MSI for breach of contract, breach of the implied covenant of good faith and fair dealing, and constructive eviction. It also asserts claims against MSI and Tapalian arising out of the negotiations leading up to the execution of the lease that include fraudulent inducement, intentional misrepresentation, and negligent misrepresentation. Tapalian has counterclaimed for abuse of process.

**Discussion**

A. <u>Tapalian's Motion</u>

Tapalian moves for summary judgment on Commonwealth's fraud in the inducement, intentional misrepresentation, and negligent misrepresentation claims, and on his counterclaim for abuse of process and related attorneys' fees. Even a quick review of the record suggests that material factual disputes exist with regard to each of these claims.

<u>Tapalian's Alleged Representations, Knowledge of</u>
<u>Falsity, and Intent to Deceive and Induce Reliance</u>

Under Rhode Island law, a party bringing a claim for intentional misrepresentation or fraudulent inducement must show that: defendant made false representations; with an intent to deceive (intentional misrepresentation claim) or to induce reliance (fraudulent inducement claim); knowledge on the part of

3

defendant that the representations were false when made; and plaintiff's reasonable and detrimental reliance on the false representations. See Banco Totta E Acores v. Fleet Nat'l Bank, 768 F. Supp. 943, 947 (D.R.I. 1991) (intentional misrepresentation); Women's Dev. Corp. v. City of Cent. Falls, 764 A. 2d 151, 160 (R.I. 2001) (fraudulent inducement). A claim for negligent misrepresentation also requires proof that defendant made a false representation, intending to induce plaintiff to act on it, and justifiable reliance by plaintiff, but requires only that plaintiff show defendant made the misrepresentation without knowledge of its truth or falsity, or that he ought to have known of its falsity. Manchester v. Pereira, 926 A. 2d 1005, 1012 (R.I. 2007). The First Circuit Court of Appeals has noted that "[c]ertain issues such as fraud, intent, and knowledge lend themselves to trial rather than summary judgment." Pearson v. First NH Mortg. Corp., 200 F. 3d 30, 35 (1st Cir. 1999).

Here, what Tapalian actually said during the lease negotiations, whether he knew his statements were false, or ought to have known they were false, and whether he intended to deceive Commonwealth, or induce its reliance, are all material facts that seem to be genuinely disputed. Compare, e.g., David Tapalian Aff. and Charles Tapalian Dep. Tr. (Doc. no. 40, ¶¶ 16, 30, 37,

4

38, 40) with Albert Antonio Dep. Tr. (Doc. no. 48, ¶¶ 16, 30, 35, 37, 38, 40).[1]

Commonwealth's Wrongful Purpose In Bringing This Suit

Under Rhode Island law, a party alleging abuse of process must prove that "the defendant instituted proceedings . . . against the plaintiff . . . and used [the] proceedings for an ulterior or wrongful purpose that the proceedings were not designed to accomplish." Fiorenzano v. Lima, 982 A. 2d 585, 590 (R.I. 2009).

The current record does not establish, as a matter of undisputed fact, or law, that Tapalian is entitled to judgment on his claim that Commonwealth is merely using this lawsuit to harass him or to gain an advantage in a separate action. The evidence Tapalian relies on to establish improper motive (discovery disputes in the present case and a separate lawsuit between the parties) is thin, at best. It cannot be said that such evidence and the inferences arising from it — even if assumed to be undisputed — would entitle Tapalian to judgment as a matter of law. Tapalian's evidence actually could give rise to different inferences, raising factual issues that must be

---

[1] Where the record citations are to paragraphs in the parties' respective statements of disputed and undisputed facts, they are intended to include the evidence cited in those paragraphs.

5

resolved by a jury. Commonwealth's discovery requests and tactics appear to be fairly routine, and one could as easily infer that Commonwealth has no wrongful motive, and is pursuing this suit for the legitimate purpose of seeking to avoid its lease obligations on grounds recognized by applicable law.

B.  <u>Commonwealth's Motion for Partial Summary Judgment</u>

Commonwealth's claims against MSI for constructive eviction, breach of contract, and breach of the covenant of good faith and fair dealing, also seem to turn on disputed material facts, including the following.

<u>"Grave and Permanent" Interference With
Enjoyment of the Premises and Defendant's Intent</u>

To prove a constructive eviction claim, a tenant "must show that actions performed by the landlord . . . were done with the intent of depriving the tenant of the use and enjoyment of the demised premises . . . . The landlord's interference must be of a 'grave and permanent nature'.") <u>Mills v. Nahabedian</u> 824 A.2d 500, 503 (R.I. 2003) (quotation and citation omitted).

Here, the parties dispute whether MSI intended to deprive Commonwealth of the use and enjoyment of the Premises. They also dispute the extent and nature of MSI's efforts to remedy the problems experienced by Commonwealth. Whether the conditions in

the office building were so severe as to constitute a "grave and permanent interference" with Commonwealth's enjoyment of the Premises is also disputed.  Although MSI has "not presented overwhelming evidence" to contradict Commonwealth's own evidence of serious problems, it has "adduced enough to defeat summary judgment."  <u>Welch v. Ciampa</u>, 542 F. 3d 927, 940 (1st Cir. 2008). <u>Compare</u> Doc. No. 51, ¶ 6 (e-mail from Commonwealth attorney expressing satisfaction with work performed and noting MSI's "attentiveness [toward] . . . addressing the punch list items and maintenance issues"; Doc. no. 51, ¶ 2 (e-mail from Albert Antonio, Commonwealth's Vice-President, to Tapalian stating that some problems had been fixed or resolved); and Doc. no. 51, ¶ 11 (Tapalian e-mail responding to Commonwealth's complaint within three hours of receiving it) <u>with</u> Doc. no. 42, ¶¶ 14, 17, 18, 19, 22, 26, 27, 29, 30, 34 (Antonio Dec. and Antonio Dep. Tr. describing multiple instances of MSI's non-responsiveness to Commonwealth's complaints); <u>compare</u> Doc. no. 51-8 (report of MSI's lead paint inspector reporting safe levels of lead in office spaces) <u>with</u> Doc. No. 43, ¶ 4 (Antonio Dec. stating that Commonwealth's lead paint inspector reported unsafe levels of lead); <u>compare</u> Doc. No. 51, ¶¶ 24, 25 (testimony of Albert Antonio that food left by Commonwealth employees was attracting rodents) and Doc. No. 51, ¶ 29 (testimony of Commonwealth employee that she never had problems with rodents in her office because she kept food sealed and in her credenza) <u>with</u> Doc. No.

42, ¶¶ 49-52 (Antonio Dep. Tr. and Antonio Dec. describing rodent problem).

Breach of Contract

Conditions within the Premises form the core of Commonwealth's breach of contract claim. The nature and seriousness of the alleged conditions is genuinely disputed, as noted above.

Breach of the Covenant of Good Faith and Fair Dealing

Under Rhode Island law, "virtually every contract contains an implied covenant of good faith and fair dealing between the parties," Dovenmuehle Mortg., Inc. v. Antonelli, 790 A. 2d 1113, 1115 (R.I. 2002) (quotation omitted), which bars a party from engaging in conduct that would negatively impact the contract's value to the other party. Ide Farm & Stable v. Cardi, 297 A. 2d 643, 645 (R.I. 1972). The implied covenant is breached when one party's conduct is "arbitrary or unreasonable." Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 66 F.Supp. 2d 317, 329 (D.R.I. 1999), aff'd 217 F.3d 8 (1st Cir. 2000).

Here, whether MSI's responses to the alleged problems Commonwealth describes were timely, sufficient, or otherwise reasonable (see discussion above regarding extent and nature of

MSI's efforts to remedy problems), presents genuinely disputed issues of fact.

## Conclusion

Defendant Tapalian's motion for summary judgment (doc. no. 39) is denied and plaintiff Commonwealth's motion for partial summary judgment (doc. no. 41) is likewise denied. The record, as currently developed, discloses a number of genuine disputes with regard to material facts, plainly precluding summary judgment, at this stage, for either party.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

March 2, 2011

cc: Geoffrey W. Millsom, Esq.
    James A. Hall, Esq.
    Stanley J. Kanter, Esq.
    Nicole J. Benjamin, Esq.
    John B. Reilly, Esq.
    Michael E. Levinson, Esq.
    Paul R. Crowell, Esq.

9